In the Matter of the Petition of the NEW YORK CEN- TRAL AND HUDSON RIVER RAILROAD COMPANY, for the Appointment of Commissioners to Ascertain and Appraise the Compensation to be Made to the METRO- POLITAN GAS–LIGHT COMPANY OF THE CITY OF NEW YORK, Appellants.

*Eminent domain — damage to what property to be considered — use to be considered.*

The appellants owned several blocks of land in the city of New York, lying between Sixty-fifth and Sixty-sixth streets, intersected by Eleventh and Twelfth avenues. The block lying between Eleventh and Twelfth avenues, a portion of which was taken by these proceedings, was further divided by a strip of land used for respondent's railroad, no right of way over such strip being possessed by the appellants. *Held* (1), that no consequential damages to the block lying between Tenth and Eleventh avenues, or to that portion of the block between Eleventh and Twelfth avenues which lay on the other side of the rail- road track from the portion taken in these proceedings, could be allowed; (2), that the questions to be determined by the commissioners were: 1. The value of the ground taken, in the estimate of which they might take into account its value for any use to which it might be appropriated. 2. The consequential damage, if any, to that portion of the land in the block between Eleventh and Twelfth avenues which lay on that side of the existing railroad track, from which the land for the new route was taken by these proceedings.

Twelfth avenue, which belonged to the city, though not actually opened, was held to constitute a boundary of a distinct parcel.

In such proceedings, it is proper for the party whose land is taken to show the purpose for which the land had been purchased, and how far the taking of a portion of such land damages the residue for such purpose.

This is an appeal by the Metropolitan Gas-light Company of the city of New York, from an order of the Special Term, confirm- ing the report of the commissioners appointed by the court to ascertain and determine the compensation to be made to the appellants, for certain real estate taken, by these proceedings.

*E. L. Fancher*, for the appellant. The law is well settled that opinions of witnesses may be taken not only to the value of the land, but how the parcel taken will affect the residue of the con- tiguous lands of the owner. (*Wood* v. *Auburn and Roch. R. R.*, 8 N. Y., 168; *Rochester and Syracuse R. R.* v. *Budlong*, 6 How.

Pr., 467; *McBurney* v. *Erie R. R.*, cited in 6 How. Pr., 467; *Troy and Boston R. R.* v. *Lee*, 13 Barb., 169; *Rochester and S. R. R.* v. *Budlong*, 10 How. Pr., 290; *Clark* v. *Baird*, 9 N. Y., 184; *Robertson* v. *Kip*, 35 id., 91; *Dewitt* v. *Borly*, 17 id., 342; *Rondout R. R.* v. *Deyo*, 5 Lans., 298.) When lands are taken from an owner without his consent, "just compensation" to be awarded him is not only the value of the land taken, but also the damages occasioned by the depreciation of the contiguous premises of the owner. The measure of value is not limited to the ordinary use of similar land, but is the value of the parcel for any purpose. (*Trustees of College Point* v. *Dennett*, 5 N. Y. S. C., 217.) To such value is to be added the damages for the depreciation of the contiguous premises. (8 N. Y., 168; 6 How. Pr., 467; 16 Barb., 273; 10 How. Pr., 290; *Albany and Susq. R. R.* v. *Dayton*, 10 Abb. Pr. [N. S.], 182; *Albany and Northern R. R.* v. *Lansing*, 16 Barb., 68; *Canand. and Niag. R. R.* v. *Payne*, 16 id., 273; *Matter of Utica, Chenango and Sus. R. R. Co.*, 56 id., 456.)

*Henry H. Anderson*, for the respondent. The opinions of witnesses are properly regarded only as aids toward just conclusions, and not as proofs having a controlling weight. (*Rochester and Syracuse R. R.* v. *Budlong*, 6 How. Pr., 470; *Troy and Boston R. R.* v. *Lee*, 13 Barb., 169; *Troy and Boston R. R.* v. *N. Turnpike Co.*, 16 id., 100.) The market-value of the lands proposed to be taken is rightly the subject of inquiry by the commissioners in this class of proceedings. Whatever additional elements may enter into the determination of damages, such value must, from the nature of things, form the basis of appraisal. (*Matter of Furman Street*, 17 Wend., 649; *Matter of William and Anthony Streets*, 19 Wend., 678; *Troy and Boston R. R.* v. *Lee*, 13 Barb., 169; *Canandaigua, etc., R. R.* v. *Payne*, 16 id., 275; *Dayton* v. *Albany and Susquehanna R. R.*, 10 Abb. [N. S.], 182; *Matter of Utica, Chenango, etc., R. R.*, 56 Barb., 456; *Delaware, etc., R. R.* v. *Burson*, 61 Penn. St., 369; *Fleming* v. *Chicago, D. and M. R. R.*, 34 Iowa, 353.) An estimate of compensation by commissioners, under the provisions of the general railroad act, does not include allowance for indirect and consequential damages. The effect, of the appropriation of the lands, is to be considered only with regard

to the premises which are directly involved in the taking. Compensation for consequential injury to parties whose lands are condemned, growing out of their ownership and use of other separate and distinct property, is not contemplated by the statute. (*Canandaigua and Niagara Falls R. R.* v. *Payne*, 16 Barb., 275; *Fleming et al.* v. *Chicago, D. and M. R. R.*, 34 Iowa, 353.) Any apparent exceptions to the rule will be found to depend upon statutory provisions which enlarge the measure of compensation beyond what is allowed under the railroad law of this State, or upon special clauses in charters providing for consequential damages. (Eng. Railway Clauses Act, 8 and 9 Vict., chap. 20, § 6; Land Clauses Act, id., chap. 18.) Only present values and uses and actual damages can be taken into account in the appraisal of compensation. No allowance is to be made for prospective damages, depending upon the uses, to which it may be proposed to devote the property in the future. Such damages are too remote and contingent to form a ground of award under the statute. (*Matter of Furman Street*, 17 Wend., 649; *Matter of Broadway Widening*, 63 Barb., 573; *Fleming* v. *Chicago, D. and M. R. R.*, 34 Iowa, 353; *Somerville and Easton R. R.* v. *Doughty*, 2 Zabr. [N. J.], 495; *Canandaigua, etc., R. R.* v. *Payne*, 16 Barb., 271.) The rule is that " whenever opinions are resorted to, the facts upon which the witness bases his opinions should in all cases be given." The testimony of experts is governed by the same conditions, for while such testimony is allowable for certain purposes, it must consist of opinions, based upon certain definite facts, and not of conclusions drawn from a general view of the case. (*Rochester, etc., R. R.* v. *Budlong*, 10 How. Pr., 289, citing cases; Greenl. on Ev., § 440.)

DAVIS, P. J.:

The appellants are the owners of several blocks of land in the city of New York, lying between Sixty-fifth and Sixty-sixth streets, and extending from Tenth avenue westward to the Hudson river. These blocks are separated by the Eleventh avenue and by the Twelfth avenue; and the block lying between the Eleventh and Twelfth avenues is divided by the railroad of the respondents, which occupies a space, running across the block, about sixty-seven feet in width.

The appellants purchased these several blocks in 1862, with the intention, as it appears, of using the whole of them at some future time for the purposes of the gas-light company. They were then, as they are now, however, subdivided by the avenues above mentioned, and by the land owned by the railroad company, and used for the tracks of their road. The respondents, for the purpose of facilitating the approach to lots belonging to them, lying below Sixty-fifth street, seek to acquire title to a strip of land, lying west of and adjoining their own present lands, sixty-four feet wide on Sixty-sixth street, and 107 feet five inches wide on Sixty-fifth street, for the purpose of laying down additional tracks.

The value of this strip of land and the damages to the appellants for the taking of the same were the subject of the appraisal now under consideration.

No question was made upon either side, but that the appellants were entitled to the value of the lots actually taken. They comprised six and two-fifths city lots, of twenty-five by 100 feet each; and the valuation put upon them, by the various witnesses, ranged from $3,000 to $8,000 per lot.

The controversy between the parties arises, chiefly, upon the question, what damages could or ought the commissioners to allow, in addition to the value of the lots, by reason of consequential injuries affecting the residue of the property of the appellants?

This is by no means an easy question to determine under the authorities. On the part of the appellants, it is claimed, in substance, that they were entitled to show the value of the whole of their several blocks, for their own use for gas-light purposes, subdivided into city lots, and the extent to which that value is diminished by taking out the lots required for the purposes of the railroad. And, upon this principle, they claim to have shown damages, in addition to the value of the lots taken, ranging from three hundred thousand to half a million of dollars. We think the commissioners were clearly right in rejecting that mode of estimating damages, because, for the purpose of estimating damages, the several blocks of land must, in our judgment, be considered as distinct parcels, and no parcel can properly be regarded as incidentally injured, except the particular parcel out of which the lots required by the railroad company

are, in fact, taken.   It would, in our judgment, therefore, be improper to have considered and allowed consequential damages to the block lying between Tenth and Eleventh avenues, and separated completely, by Eleventh avenue, from the block lying between the latter and Twelfth avenue.   The rule which would allow the consideration of consequential damage to that block would extend such damages to all the blocks between Tenth avenue and the park had they chanced to be owned by the appellants ; and upon such speculative and extraordinary opinions as those given by many of the witnesses, on the part of the appellants, as to damages, would absolutely prevent all public improvements crossing such a series of blocks between the Hudson river and the park. There must be some more sensible limit within which consequential damages are to be restricted.

The block extending from Eleventh to Twelfth avenue is also, as appears by the above statement, separated into two distinct parcels by the ownership of the respondent of the strip of land, some sixty-seven feet wide, on which their present railroad exists.   No part of the land east of the railroad is proposed to be taken ; and no right of way, belonging to the appellants, across the respondents' railroad, and connecting the parcels east and west of it, belonging to the appellants, was shown to exist.   We think, therefore, that the ownership, by the respondents, of the intervening strip, on which the road now exists, is a complete severance of this block into two distinct parcels ; and, so far as the question of consequential damages is concerned, it operates to prevent their extension to any portion of the block lying easterly of the respondents' road. Whatever damages to that portion of the block were caused by the construction of the railroad must be presumed to have been paid when the lots were taken for the railroad.

The question of consequential damages to lots lying east of the present railroad is to be considered precisely as though some other railroad company were seeking the strip now sought to be taken, west of and adjoining the railroad, for the purposes of a new railroad *route*.   It seems to us very clear that, in such a case, no principle of law would allow the consequential damages of taking the new *route*, to overleap the present railroad company's land and attach to the land lying east of the road, because the ownership of

these lots was in the same party who owned the lots to the westward of the road.

It is our opinion, therefore, that the questions for the consideration of the commissioners were properly these : first, and principally, the value of the lots actually taken by the railroad company for the new *route ;* and in estimating such value the commissioners are not limited to the value of the lands as city lots, but should consider evidence of their value for any purpose for which they could be used and appropriated (*Trustees of College Point* v. *Dennett*, 5 N. Y. S. C., 217) ; and, second, the consequential damages, if any, to that portion of the appellant's lots lying west of the present railroad track, from which the lots for the new *route* are directly taken.    The effect of this rule is to limit the consideration of incidental or consequential damages to lots lying between the railroad and Twelfth avenue ; that avenue belongs to the city, and not to the appellants.    It must be deemed, although not actually opened, as a boundary of a distinct parcel, beyond which such damages are not to be extended.

It is not clear, from the report of the commissioners, whether or not they have given or designed to give to the appellants any thing more than the actual value of the lots taken, regarding them as city lots.    The allowance of $33,000 tends quite strongly to show that the commissioners have, in fact, done nothing more than to ascertain from the testimony on both sides, a fair valuation of such lots ; and yet, their report is couched in such general terms that it may well be claimed that they have allowed, in addition to the value of the lots as ascertained by them, something for consequential damages.    It was proper, however, for the appellants to show before the commissioners, the purpose for which the lots had been purchased by them, and for which they were intended to be used.    They had a right also to show that the taking off of the strip by the railroad company diminished the value of the residue for such purposes, and to what extent ; and it was the duty of the commissioners to consider such evidence in connection with the other facts and circumstances, and their own personal view of the premises, in determining what sum was properly allowable for damages.

The appellants did give evidence tending to show the uses to

which they designed to put this particular parcel of their land, the number of structures that could be erected upon it for their use as a gas company, the quantity of coal that could be stored there for their use, and the diminished value of the residue of the land for such purposes after the six and two-fifth lots should be taken off. But they connected this evidence so far with their claim for consequential damages to the other lots, lying east of the road, that it is highly improbable that the commissioners gave it due consideration, if any, in making up their estimate. We are of opinion, therefore, that the order of the court below should be reversed, and that the proceedings should be remanded to the same commissioners for a new appraisal and estimate, to be made upon the valuation of the lots actually taken by the railroad company, and the damages to the residue of the appellant's land lying westerly of and between the railroad tracks and Twelfth avenue, caused by the taking of the land for the new *route.* The evidence already taken may be used before such commissioners by either party, as they may respectively be advised, subject to all proper objections, either party to be at liberty to give such new and further evidence as may be deemed competent and advisable.

Neither party to have costs of this appeal as against the other.

DANIELS and BRADY, JJ., concurred.

Ordered accordingly.